CRISS ET AL., APPELLANTS, *v.* SPRINGFIELD TOWNSHIP ET AL., APPELLEES.

[Cite as Criss *v.* Springfield Twp. (1991), 57 Ohio St. 3d 611.]

(No. 89-1528—Submitted January 8, 1991—Decided February 13, 1991.)

*Grisi & Riegler* and *Charles E. Grisi,* for appellants.

*Nukes & Perantinides Co., L.P.A., Paul G. Perantinides, Elizabeth B. Manning* and *Samuel G. Casolari, Jr.,* for appellees Springfield Township Police Department, Carl Frank Blasdel and Daniel Lance.

*John O. McIntyre, Jr.* and *Linda Tucci Teodosio,* for appellee Myra Criss.

On motion for rehearing. Rehearing denied. See (1990), 56 Ohio St. 3d 82, 564 N.E. 2d 440.

MOYER, C.J., HOLMES, WRIGHT, H. BROWN and RESNICK, JJ., concur.

SWEENEY and DOUGLAS, JJ., dissent.

H. BROWN, J., concurring. Plaintiffs-appellants, Gary Criss and Everett Criss, have moved for reconsideration. They note that the jury below returned separate verdicts awarding damages for false arrest and detention. Appellants urge us to hold that those verdicts are not tainted by the error we found. The argument draws from footnote 3 of our opinion which states:

"[T]hat polygraph evidence can have no relevance to the officers' state of mind * * * for the events occurring prior to August 11, 1983."

Appellants maintain:

"The tort of False Arrest was complete on August 4, 1983. The polygraphs which this Court has stated the Defendants-Appellees should have been credited were performed on August 11 and August 24, 1983."

The issue here is not as simple and clear-cut as appellants' argument suggests. First, the instruction by the trial judge to the jury on false arrest and detention states:

"On the defense of probable cause for arrest and detention, the burden is upon the Defendant by a preponderance of the evidence to show that the the [*sic*] circumstances were sufficient to justify a reasonable person to believe that the Plaintiff Gary Criss had committed the crimes of one count of rape on July 25, 1983; two counts of rape and one count of attempted rape and one count of corrupting a minor with drugs on August 4, 1983; *and two counts of rape on November 14, 1983.*" (Emphasis added.)

This instruction specifically directs the jury to consider the responsibility of the defendants with respect to counts of rape, which charges were filed on November 14, 1983. November 14, 1983 was subsequent to the administration of the lie detector tests. Secondly, upon further review of the record and the sparse instruction on punitive damages, it is impossible to know whether the punitive-damage verdicts (which exceeded by many times the amounts awarded as actual damages) were related to the persistence shown by defendants in pros-

ecuting the appellants without apparent justification. We simply cannot tell what evidence the jury considered in finding that defendants acted with malice — as to any of the punitive-damage awards.

All considered, I believe that the fairest resolution of the matter (and the only way to ensure that the law as we have given it is applied to the dispute between the parties in this case) is to remand the case to the trial court for further proceedings consistent with our opinion.

MOYER, C.J., and WRIGHT, J., concur in the foregoing concurring opinion.

DOUGLAS, J., dissenting. I would grant the rehearing.